# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIRBY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-361-F |
| | ) | |
| DEBORAH JOHNS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, has filed a complaint under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Pursuant to an order entered by United States District Judge Stephen P. Friot, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendants Johns, Miller, Bowen, Butler, Ford, Ellington, Polydys, Haungs, and the Lawton Correctional Center have filed a motion to dismiss/motion for summary judgment to which Plaintiff has responded. Thus, the matter is at issue and ready for disposition. For the following reasons, it is recommended that Defendants' motion be granted and that judgment be entered in favor of those Defendants. It is further recommended that Defendants Reeder and John Does #1-#3 be dismissed without prejudice due to Plaintiff's failure to serve them.

Plaintiff is an Oklahoma inmate who is currently housed at the Dick Conner Correctional Center. Complaint, 1. By this action, he seeks damages and injunctive relief based on a misconduct offense issued on April 25, 2008, and the alleged subsequent denial of medical care. Named as Defendants are Deborah Johns, John Doe #1, John Doe #2, and

John Doe #3, each of whom are identified as correctional officers at Lawton Correctional Facility; Jan Reeder, a parole investigator at Cimarron Correctional Facility; David Miller, warden at Lawton Correctional Facility; Mark Bowen, deputy warden of security at Lawton Correctional Facility; Major Butler; Lieutenant Ford; Sergeant Ellington; Officer Polydys; Officer Haungs; and the Lawton Correctional Facility.

Plaintiff alleges in Counts One through Four that Defendants violated his Eighth Amendment rights in using excessive force, in being deliberately indifferent to his medical needs, and in denying him access to medical care. Complaint, 3-4. In Count Five, he alleges that Defendants violated his Fourteenth Amendment right to due process in conspiring to convict him of a "bogus" misconduct claim. Complaint, 5.

## I. FAILURE TO TIMELY SERVE JOHN DOE DEFENDANTS AND DEFENDANT REEDER

As an initial matter, it is noted that Plaintiff has failed to properly serve Defendant Reeder and John Does #1-#3. A plaintiff is required to serve each named defendant with a summons and a copy of the complaint, Fed. R. Civ. P. 4(c)(1), and if such service is not made within 120 days after filing of the complaint, the Court may dismiss the action without prejudice as to the unserved defendants. Fed. R. Civ. P. 4(m). The Court's preliminary inquiry under Rule 4(m) is to determine if Plaintiff has shown good cause for his failure to timely effect service. Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). "If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of

time may be warranted." Espinoza, 52 F.3d at 841. A review of the Court's docket shows that Plaintiff filed his complaint on April 9, 2010, and the 120 day time limit for service concluded on or around August 7, 2010.

Despite the amount of time that has elapsed since Plaintiff filed his complaint, he has failed to properly identify the Defendants he names as defendants John Doe #1, John Doe #2, and John Doe #3. "While a plaintiff can sue unnamed defendants, the plaintiff must provide a description sufficient to identify those involved so process can eventually be served." Frischenmeyer v. Buffington, No. 98-2109, 1998 WL 777382, *2 (10th Cir. Nov. 4, 1998);[1] see also Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996) ("Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served."). In this case, Plaintiff has provided no such description nor has he ever attempted to amend his complaint to identify the unnamed officers. He has not attempted to serve them, and he has failed to explain why they have not been identified or served.

Plaintiff has also named Jan Reeder as a defendant. However, he has failed to properly serve her with process, and the time limit for doing so has passed. The Federal Rules of Civil Procedure allow a Plaintiff to attempt service by following either federal or state law for service of process. Fed. R. Civ. P. 4(e). Both federal and Oklahoma law allow

---

[1] This and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

for service to be accomplished by delivering a copy of the summons and complaint to the defendant personally, by leaving a copy of each at the defendant's home with a person of suitable age, or by delivering a copy of each to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e)(2); Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

A review of the file shows that a summons addressed to Defendant Reeder was returned but that Defendant Reeder was never personally served with process. Summons [Doc. No. 25]. Instead, it shows that the summons was delivered to the secretary to the warden at Cimarron Correctional Facility. Summons [Doc. No. 25]. There is no indication that secretary was authorized to receive service on behalf of Defendant Reeder or that she ever received the summons or notice that this lawsuit has been filed. Further, neither federal nor state law allow for a plaintiff to accomplish service of process by leaving a copy of the summons and complaint with someone other than defendant at her place of employment. See Fed. R. Civ. P. 4(e)(2); Okla. Stat. tit. 12, § 2004(C)(1)(c)(1). And this practice does not substantially comply with the federal or state law regarding service of process. See 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1096 (3d ed. 2002) ("It is well established that individuals may not be served by merely leaving the complaint and summons at their place of business, unless an agent receives the documents."); Hukill v. Oklahoma Native American Domestic Violence Coalition, 542 F.3d 794, 799-800 (10th Cir. 2008) (serving employee, not defendant, at defendant's place of employment not valid service under Oklahoma law (citing Graff v. Kelly, 814 P.2d 489 (Okla. 1991)). Thus, service on Defendant Reeder was not proper. Further, Plaintiff has failed to show good cause

4

for not timely serving her with process. Yet, he knew that Defendant Reeder never answered or filed a responsive pleading, and thus, he should have known that she was not properly served or that she was in default  Accordingly, the undersigned recommends that Plaintiff's claims against Defendants John Doe #1, John Doe #2, John Doe #3, and Jan Reeder be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## II.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants move for dismissal or summary judgment on all counts in Plaintiff's complaint.[2]  Because the undersigned has considered the evidentiary materials submitted by the parties, the motion will be treated as a motion for summary judgment.

### A.  SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party.  Calhoun v. Gaines, 982 F.2d 1470, 1472 (10th Cir. 1992); Manders v. Oklahoma, 875 F.2d 263, 264 (10th Cir. 1989).  A dispute is "genuine," when viewed in this light, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986).  "Material facts" are "facts

---

[2]In their motion, Defendants Miller, Bowen, Butler, Ford, and Ellington have argued that summary judgment is proper as to them because Plaintiff has failed to show their personal participation.  Defendants' Motion to Dismiss/Motion for Summary Judgment, 8-9.  The undersigned has not addressed this argument because summary judgment is appropriate as to those Defendants for other reasons.

5

that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248.

To obtain summary judgment, the moving party need not affirmatively negate the nonmovant's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Rather, the moving party initially bears the burden only of " 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. Once the moving party has satisfied this burden, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact. Celotex, 477 U.S. at 324. The nonmoving party "may not rest upon mere allegation" in his pleading to satisfy this requirement Anderson, 477 U.S. at 256. Rather, Federal Rule of Civil Procedure 56(c) "requires the nonmoving party to go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324.

**B. UNDISPUTED FACTS**

Based upon the complaint, the Special Report[3] and the evidentiary material appended thereto, the following material facts are uncontroverted, deemed admitted, or, where disputed, viewed in the light most favorable to Plaintiff. Immaterial facts and facts not properly supported by the record are omitted.

Plaintiff was issued a misconduct offense on April 25, 2008, for assaulting a staff

---

[3]The Special Report has been treated as an affidavit. See Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991) (explaining the role of a Special Report in summary judgment proceedings).

member. Special Report, Ex. 2. A hearing was held on May 27, 2008, and Plaintiff was found guilty of the offense and punishment of thirty days disciplinary segregation, revocation of 365 days of earned credit, and demotion to level one for ninety days was imposed. Special Report, Ex. 8. Plaintiff appealed the misconduct conviction through the administrative appeal process, and the conviction was affirmed by a final administrative decision dated August 22, 2008. Special Report, Exs. 9-11. Plaintiff then filed a petition for judicial review of his misconduct conviction. Case No. CJ-2008-9822, District Court of Oklahoma County, Docket. On June 26, 2009, the state district court ordered the disciplinary action to be dismissed with prejudice because it found that Petitioner's due process rights had been violated and that the Oklahoma Department of Corrections (ODOC) could not provide Plaintiff due process because the surveillance videotape which captured the event had not been preserved. Special Report, Ex. 3. Pursuant to this order, the ODOC expunged the misconduct from Plaintiff's record, returned his revoked credits, and returned him to level four. Special Report, Ex. 12.

On August 19, 2009, Plaintiff filed a tort action in state district court regarding the misconduct conviction. Case No. CJ-2009-7798, District Court of Oklahoma County, Docket; Special Report, Ex. 14; Defendants' Motion to Dismiss/Motion for Summary Judgment, Ex. 1. On January 14, 2010, the state district court granted summary judgment in favor of Defendants Miller, Bowen, Butler, Ford, Ellington, Johns, and Haungs because it found that Plaintiff had failed to exhaust his administrative remedies under Oklahoma law. Special Report, Ex. 16.

7

On January 5, 2010, while his tort action was pending in state district court, Plaintiff submitted a request to submit a misconduct appeal out of time, with a request to staff and a grievance report form attached, asking that he be allowed to file a grievance out of time to exhaust his administrative remedies. Special Report, Ex.5. The request to submit a misconduct appeal out of time was denied on January 19, 2010. Special Report, Ex. 5. On March 16, 2010, Plaintiff submitted a grievance appeal form to the administrative review authority, but Debbie Morton, the Director's Designee, returned it unanswered on March 26, 2010, because it did not present a grievable issue and because more than one issue was raised in the grievance. Special Report, Ex. 6.

**C. ANALYSIS**

**1. Count I**

In Count I, Plaintiff raises an excessive force claim against Defendant Johns for allegedly slamming the cell door on his chest and legs "approximately 20 times." Complaint, 2-4. Defendant Johns moves for summary judgment on the grounds of res judicata and Plaintiff's failure to exhaust his administrative remedies. Because the undersigned finds that res judicata applies to Plaintiff's first count, the exhaustion issue has not been addressed. See 42 U.S.C. § 1997e(c)(2).

"A federal Court must give to a state-court judgment the same effect such judgment would have in the courts of that state." Copeman v. Ballard, No. 05-7085, 214 Fed. Appx. 739, 740-41 (10th Cir. Jan. 24, 2007). Oklahoma law governs regarding the elements necessary to make out a defense of res judicata. Brady v. UBS Financial Services, Inc., 538

F.3d 1319, 1327 (10th Cir. 2008) ("The preclusive effect of a state court judgment in a subsequent federal lawsuit generally is determined by the full faith and credit statute which directs a federal court to refer to the preclusion law of the State in which judgment was rendered." (citation omitted) (internal quotation marks omitted)). Under Oklahoma law, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action" and "precludes the relitigation of any issue that was 'necessarily decided' in a prior proceeding." Mitchell v. State, 235 P.3d 640, 652 (Okla. Crim. App. 2010) (citations omitted), petition for cert. filed (Jan. 10, 2011); Copeman, 214 Fed. Appx. at 741 ("In Oklahoma, the doctrine of claim preclusion, also known as res judicata, precludes a party to the prior action from relitigating not only the adjudicated claim but also any theories or issues that were actually decided or could have been decided, in that action." (internal quotation marks omitted)). The defense of res judicata is an affirmative defense, and as such, the defendant bears the burden to set forth facts sufficient to show the elements of res judicata have been met. Parkins v. Patterson, No. 99-4144, 2000 WL 639704, at *2 (10th Cir. May 18, 2000); In re Franklin Savings Corp., 385 F.3d 1279, 1286 (10th Cir. 2004).

Plaintiff filed a tort action in state district court on August 19, 2009, in which he alleged that Defendant Johns assaulted him "by hitting him with a very heavy door." Defendants' Motion to Dismiss/Motion for Summary Judgment, Ex. 1, at 4.[4] On January 14,

---

[4]This exhibit does not contain page numbers, and thus, the undersigned has inferred them.

2010, the state district court granted summary judgment to Defendant Johns, among others, on the ground that Plaintiff failed to exhaust his administrative remedies. Special Report, Ex. 16. The Tenth Circuit has held that summary judgment is an adjudication on the merits. Goichman v. City of Aspen, 859 F.2d 1466, 1471 n.13 (10th Cir. 1988); see also Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir. 1987) ("A grant of summary judgment resolves the issue on the merits and thus is with prejudice."); Wright v. Skipworth, No. 93-1242, 1993 WL 492991, at *1 (10th Cir. Nov. 30, 1993)("[S]ummary judgment is a disposition on the merits") And the fact that the state district court's summary judgment decision was based on Plaintiff's failure to exhaust his administrative remedies does not make that decision any less a judgment on the merits. See Dilettoso v. Potter, Nos. 04-17285, 06-15328, 243 Fed. Appx. 269, 271-72 (9th Cir. July 17, 2007)(stating that for purposes of res judicata, "summary judgment based on a failure to exhaust constitutes a judgment on the merits, absent a showing of unfairness" (citation omitted)). Thus, Plaintiff's claims against Defendant Johns in Count I of his complaint have already been "necessarily decided" by the state district court in a final judgment on the merits. Accordingly, the undersigned finds that Plaintiff is barred by the doctrine of res judicata from relitigating those claims.

### 2. Counts II-IV

In Count II, Plaintiff claims that he was denied medical care for injuries he allegedly received as a result of the assault by Defendant Johns. Complaint, 4. In Count III, he claims that he was denied medical screening prior to being placed in segregation contrary to the prison's regulations, and in Count IV, he makes a general claim of denial of medical care.

Complaint, 4.

Defendants argue that summary judgment is proper on Counts II through IV because Plaintiff failed to exhaust his administrative remedies, and in support, Defendants point to Plaintiff's failure to timely file requests to staff or grievances as required by the offender grievance process. Defendants' Motion to Dismiss/Motion for Summary Judgment, 4-7. Plaintiff claims that Lawton Correctional Facility officials thwarted his ability to exhaust his administrative remedies, and he urges the Court to take notice of the fact that his claims were found to present non-grievable issues. Plaintiff's Response, 1-3.

The Prison Litigation Reform Act ("PLRA") provides in relevant part: "No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden to plead and prove. Jones v. Bock, 549 U.S. 199, 216 (2007); see Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007). When raising an affirmative defense in a motion for summary judgment, "[t]he defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact." Hutchinson, 105 F.3d at 564. "If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." Hutchinson, 105 F.3d at 564. To properly

exhaust administrative remedies, prisoners must complete the administrative review process in accordance with "an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006); accord Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (finding that substantial compliance with exhaustion requirements was insufficient). Accordingly, whether a claim is properly exhausted is evaluated by reference to the prison's procedures for addressing the particular claim at issue. Jones, 549 U.S. at 218.

Under the offender grievance process, an offender must first attempt to resolve the complaint informally by talking with the appropriate staff member within three days of the incident. Special Report, Ex. 13, at 5.[5] If the issue remains unresolved, then the offender must submit a request to staff to the appropriate staff member within seven days of the incident. Special Report, Ex. 13, at 5-6. Next, the offender must submit a grievance report form along with the request to staff to the reviewing authority within fifteen days of the incident or the date of the response to the request to staff, whichever is later. Special Report, Ex. 13, at 6. Finally, the offender must make a final appeal to the administrative review authority or chief medical officer within fifteen calendar days after receiving the reviewing authority's response. Special Report, Ex. 13, at 10.

Plaintiff's claims in Counts II through IV of his complaint that Defendants were indifferent to his medical needs were grievable under the offender grievance process. Special Report, Ex. 13, at 2-3. Accordingly, Plaintiff was required to follow that process.

---

[5]The page numbers referenced are the boxed page numbers at the top of each page.

Defendants submitted affidavits showing that Plaintiff did not pursue any grievances or requests to staff before filing the grievance, grievance appeal, and request to staff out of time in January 2010. Special Report, Exs. 4, 17. Thus, Plaintiff has failed to exhaust his administrative remedies. As stated above, Plaintiff claims that he was thwarted in his efforts to exhaust those remedies. However, this contention is suspect, as he checked that he had never filed a request to staff or grievance on the above issues when he filed his 2010 grievance and request to staff. Special Report, Ex. 5, at 2-3.[6] Nevertheless, even assuming that he was thwarted in exhausting his administrative remedies, the offender grievance process provides steps an offender can take if he does not receive a response to a request to staff or grievance. Special Report, Ex. 13, at 6, 8. Plaintiff was required to follow these steps, and his failure to do so does not warrant relief. See Jernigan v. Stuchell, 304 F.3d 1030, 1032-33 (10th Cir. 2002) (finding that inmate who failed to employ process available when grievances were unanswered failed to exhaust administrative remedies). Accordingly, the undersigned recommends that summary judgment be granted in favor of Defendants on Counts II through IV of Plaintiff's complaint.

 **4. Count V**

Defendants argue that summary judgment is appropriate on Plaintiff's claim that Defendants conspired to convict him of a bogus misconduct count for assaulting a staff member in violation of the Fourteenth Amendment because Plaintiff fails to offer any factual

---

[6]This exhibit is not paginated, and thus, the undersigned has inferred page numbers.

support regarding that claim. Defendants' Motion to Dismiss/Motion for Summary Judgment, 9.

A conspiracy claim under § 1983 requires a plaintiff to allege "specific facts showing an agreement and concerted action amongst the defendants." Tonkovich v. Kansas Board of Regents, 159 F.3d 504, 533 (10th Cir. 1998). A Plaintiff must also allege facts showing an actual deprivation of a constitutional right. See Thompson v. City of Lawrence, 58 F.3d 1511, 1517 (10th Cir. 1995) (to prevail on § 1983 conspiracy claim, plaintiff "must prove both the existence of a conspiracy and the deprivation of a constitutional right."). Further, while a plaintiff's allegations are accepted as true when considering a motion for summary judgment raised by the defendants, the plaintiff must nevertheless assert factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989) (per curiam).

Plaintiff alleges that he was issued a misconduct for assaulting a staff member to cover up the illegal actions of Defendant Johns and was found guilty of that misconduct at a misconduct hearing. Complaint, 3. Plaintiff claims that this finding was based on a surveillance tape of the event which he was not allowed to view. Complaint, 3. Plaintiff asserts that the guilty finding was upheld on administrative review, but he claims it was later overturned by the state district court. Complaint, 3. These allegations do not show an agreement or concerted action on the part of Defendants to convict him of a misconduct for

assaulting a staff member nor has he set forth any supporting facts after Count V. Accordingly, the undersigned finds that summary judgment should be granted to the Defendants on Count V of Plaintiff's complaint.

### III. PLAINTIFF'S MOTION TO SUPPLEMENT

Plaintiff submitted a motion to the Court asking that he be allowed under Federal Rule of Civil Procedure 15(d) to supplement his complaint with documents showing that he exhausted his administrative remedies. Plaintiff's Motion for Leave to Supplement, 1. This motion is not proper under Rule 15 because Plaintiff seeks to supplement his complaint with documents regarding a transaction which occurred prior to filing of his complaint with the Court. Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event <u>that happened after</u> the date of the pleading to be supplemented." (emphasis added)). Nevertheless, documents were attached to the Special Report which show Plaintiff's attempts to exhaust his administrative remedies, and the undersigned has considered those documents. Thus, construing Plaintiff's motion liberally, the undersigned grants the motion to the extent Plaintiff is asking the Court to consider those documents.

### RECOMMENDATION

For the reasons set forth above, it is recommended that the Defendants' motion for summary judgment be **GRANTED** as to Defendant Johns on Count I of Plaintiff's Complaint and be **GRANTED** as to Defendants Johns, Miller Bowen, Butler, Ford, Ellington, Polydys, Haungs, and the Lawton Correctional Center on Counts II through V of

Plaintiff's Complaint. Finally, it is recommended that Plaintiff's claims against Defendants John Doe #1, John Doe #2, John Doe #3, and Jan Reeder be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to timely serve them with a summons and a copy of the complaint pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by March 24, 2011, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

**ENTERED this 4th day of March, 2011.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE